UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
SECURITIES AND EXCHANGE COMMISSION,    )
                                                    )
            Plaintiff,                 )
                                                    )
   v.                                           )   Case No.
                                                    )
MARK A. JONES,                                      )
                                                    )
            Defendant.                 )
_____ )


**ORDER FREEZING ASSETS AND
GRANTING OTHER EQUITABLE RELIEF**

Having considered the emergency motion for an order freezing assets and granting other equitable relief filed by plaintiff Securities and Exchange Commission ("the Commission"), as well as the Complaint, the Commission's memorandum of law, and the accompanying evidentiary materials, the Court finds that the Commission has made the showing required by Fed. R. Civ. P. 65(b)(1) and, in addition, that the Commission has shown that: (1) it is reasonably likely that defendant Mark A. Jones directly or indirectly engaged in the violations alleged in the Complaint; (2) it is reasonably likely that Jones has been unjustly enriched through the activities alleged in the Complaint; (3) it is reasonably likely that, unless restrained and enjoined by an order of this Court, Jones may dissipate and conceal assets that could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (4) the entry of an order freezing assets and granting other equitable relief is in the public interest.  In consideration of the foregoing:

Case 1:16-cv-10524-RGS Document 6 Filed 03/15/16 Page 1 of 7

1

## I.

**IT IS HEREBY ORDERED** that:

A. Jones and each of his agents, servants, employees, attorneys, and other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from taking any actions to withdraw, sell, pay, transfer, dissipate, assign, pledge, alienate, encumber, dispose of, or diminish the value of in any way (including, but not limited to, making charges on a credit card or drawing on another credit arrangement), any funds and other assets in their possession or held by any person or entity for his direct or indirect benefit, subject to his direct or indirect control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest, in whatever form such funds and other assets may presently exist and wherever located.

B. All banks, brokerage firms, and other financial institutions (including but not limited to Wells Fargo Bank) and other persons or entities that receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) holding any funds or other assets in the name of Jones, or in the name of any person or entity for his direct or indirect benefit, subject to his direct or indirect control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest, in whatever form such funds or other assets may presently exist and wherever located, shall continue to hold and retain such funds or other assets within their control and shall prohibit the withdrawal, removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets (including, but not limited to, charges

on a credit card or draws on another credit arrangement); and all such funds or other assets are hereby frozen.

C. The above Paragraphs I.A and I.B shall immediately cease to apply to any asset located within the United States (including any account at any bank, brokerage firm, or other financial institution) which becomes subject to any later order entered by any federal court as a result of proceedings that may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent that such later order requires the transfer of any such asset to the United States government.

**II.**

**IT IS HEREBY FURTHER ORDERED** that Jones and each of his agents, servants, employees, attorneys, and other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) shall not solicit, accept, or deposit any monies obtained from actual or prospective investors in the activities described in the Complaint and shall not open new accounts at any bank or other financial institution.

**III.**

**IT IS HEREBY FURTHER ORDERED** that Jones shall submit in writing and serve upon the Commission, within five (5) business days after receiving actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service), an accounting identifying:

1. All transfers or payments of any funds or other assets to him, or to any person or entity for his direct or indirect benefit, subject to his direct or indirect control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest,

3

from any investors in connection with the activities described in the Complaint – the identification shall include the date and amount of each transfer or payment, the name and address of the investor, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution of the person or entity making and the person or entity receiving the transfer or payment;

      2.      The location of the funds or other assets involved in any transfer or payment identified in response to paragraph 1 above that are currently in his possession or held by any person or entity for his direct or indirect benefit, subject to his direct or indirect control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest – the identification shall include the name and address of each person or entity holding such funds or other assets, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution where the funds or other assets are currently held;

      3.      The location or other disposition of any funds or other assets involved in any transfer or payment identified in response to paragraph 1 above that are no longer in his possession or held by any person or entity for his direct or indirect benefit, subject to his direct or indirect control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest – the identification shall include the name and address of each person or entity currently holding the funds or other assets, the dollar value held by each person or entity, an explanation of when and how each person or entity received the funds or other assets, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution where the funds or other assets are currently being held;

4. The nature of any investments in which the funds or other assets involved in any transfer or payment identified in response to paragraph 1 above were used – for each such investment, the identification shall include the nature and amount of the investment, the date when the investment was made, the proceeds (if any) derived from the investment, and the nature, purpose, and amount of any fees or expenses charged on the investment;

5. All assets of every type and description with a value of at least five hundred dollars ($500) presently owned by him or held by any person or entity for his direct or indirect benefit, subject to his direct or indirect control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest, whether located in the United States or elsewhere; and

6. All accounts at any bank, brokerage firm, or other financial institution in the United States or elsewhere in his name or in the name of any person or entity for his direct or indirect benefit, subject to his direct or indirect control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest, at any time from June 1, 2008 to the present.

**IV.**

**IT IS HEREBY FURTHER ORDERED** that Jones and each of his agents, servants, employees, attorneys, and other persons in active concert or participation with him shall, within five (5) days after receiving actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service), take such steps as are necessary to repatriate and deposit into the registry of the Court any and all funds or other assets that were obtained directly or indirectly from any investors in connection with the activities described in the Complaint, that are presently located outside of the United States, and that are held in his

name or by any person or entity for his direct or indirect benefit, subject to his direct or indirect control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest.

V.

**IT IS HEREBY FURTHER ORDERED** that Jones and each of his agents, servants, employees, attorneys, and other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) shall not destroy, mutilate, conceal, alter, dispose of, or transfer custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media, or other property relating to themselves or to the activities described in the Complaint.

VI.

**IT IS HEREBY FURTHER ORDERED** that the Commission, notwithstanding the provisions of Fed. R. Civ, P. 26(d) and the Local Rules of this Court, may commence discovery immediately. In the event the Commission chooses to depose any witnesses prior to any hearing on the Commission's requests for temporary or preliminary relief, such witnesses may be required to appear for a deposition on three (3) business days' notice. Any such depositions shall not count towards any of the limits on depositions set forth in the Federal Rules of Civil Procedure or the Local Rules of this Court, including but not limited to Fed. R. Civ. P. 30 (a)(2)(A) and 30(d)(2). Moreover, notwithstanding the provisions of Fed. R. Civ. P. 30(a)(2)(B), the Commission shall be entitled to depose these witnesses again during the discovery period.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

Dated: March 15, 2016 at 9:38 a.m./p.m.